IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTIS DEVON MAYS, #J-14057
     Plaintiff,

vs.                                         Case No.: 3:07cv370/MCR/EMT

JAMES R. McDONOUGH, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (*see* Doc. 16). Now before the court is Plaintiff's amended complaint (Doc. 18).

        Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious. Section IV.C of the civil rights complaint form asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 18 at 4) (emphasis in original). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). Plaintiff then listed one case, Mays v. Moore, No. 3:01cv124/RV (N.D. Fla. filed Apr. 5, 2001), and he stated that the facts of this case were the "same as prior case" (*see* Doc. 18 at 4). On continuation pages that precede page four of the complaint form, Plaintiff listed seven (7) additional

cases (*see id.* at 3–continuation pages).[1] Thus, it is unclear whether the information provided on the continuation pages pertain to question IV.C or to a prior question, but giving Plaintiff the benefit of any doubt, the court will assume that the cases listed by Plaintiff are responsive to question IV.C. Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court, other than the cases listed, that otherwise relate to the fact or manner of his incarceration or the conditions of his confinement. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**." (*id.* at 7) (emphasis in original).

Upon review of the file, this court takes judicial notice that as of August 26, 2007, the date Plaintiff filed the instant complaint, he had previously filed Mays v. Crosby, No. 4:06cv329/RH/AK (N.D. Fla. filed July 10, 2006; dismissed Nov. 27, 2006) and Mays v. Florida, No. 3:03cv983/HES (M.D. Fla. filed Nov. 19, 2003; dismissed Jan. 6, 2004). First, the court notes that Plaintiff's inmate number, J-14057, is the same the inmate number of the plaintiff in Mays v. Crosby[2] and Mays v. Florida (*see* Doc. 18 at 1). Moreover, in Mays v. Crosby Plaintiff challenged the conditions of his confinement, specifically that he was deprived of property without due process of law. *See* Mays v. Crosby, No. 4:06cv329/AK/RH (Doc. 1 at 1). In Mays v. Florida, Plaintiff filed a petition for writ of habeas corpus challenging his incarceration in the Florida Department of Corrections ("DOC"). *See* Mays v. Florida, No. 3:03cv983/HES (Doc. 1 at 1). Plaintiff failed to list either of these cases in his amended complaint or in the continuation pages attached thereto.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information

---

[1] On the continuation pages Plaintiff listed the following federal case: Mays v. Thayer, No. 4:01cv307/WS (N.D. Fla. filed July 6, 2001). In addition, Plaintiff listed six (6) state cases (*see* Doc. 18 at 3–continuation pages). The state cases include three (3) cases from the First Judicial Circuit of Florida, two (2) cases from the Fourth Judicial Circuit of Florida, and one (1) case from "southern Miami" (*see id.*).

[2] Although the inmate number on the docket for Mays v. Crosby indicates that the plaintiff's inmate number was J-14051, a review of the complaint reveals that the inmate number should have been listed as J-14057 (*see* Case No. 4:06cv329/RH/AK (Doc. 1 at 7)).

Case No.: 3:07cv370/MCR/EMT

also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answer (i.e., failing to list Case Nos. 4:06cv329/AK/RH, 3:03cv983/HES), Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 20th day of December 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

  **Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**